BARBARA NEWMAN,          )
                               )
          )
      Plaintiff,           )      Civil Action No.
          )
v.                      )
          )
DURHAM HOUSING AUTHORITY,    )
          )      Jury Trial Demanded
      Defendant.       )
_____  )

## COMPLAINT

Comes now the Plaintiff, and complaining of the Defendant, alleges as follows:

## NATURE OF COMPLAINT

1.      This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 USC §2000e, 42 USC § 1981 et. seq., and state law.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, Barbara Newman, is resident of Durham, Durham County, North Carolina.

3.      Defendant, Durham Housing Authority (hereinafter "Durham" or "Defendant"), is a Local Government Agency operating in Durham County, North Carolina and may be served with process through its Chief Executive Officer, Anthony Scott, 330 E. Main Street, Durham, North Carolina, 27701.

1

4.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) as Defendant is subject to the personal jurisdiction of this Court, and because the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6.      Plaintiff, Barbara Newman (hereinafter "Newman" or "Plaintiff"), female, whose national origin is Ghanaian, was employed by Defendant, Durham Housing Authority (hereinafter "Durham" or "Defendant"), as the Chief Financial Officer beginning or about March 15, 2017, until her termination on July 9, 2021.

7.      Newman was qualified for the position of Chief Financial Officer and excelled in her position.  Newman was never disciplined and had excellent performance evaluations.

8.      Shortly after her employment began in 2017, Newman was asked to reorganize the departments she supervised which included Accounting, Information Technology and Procurement. Other departments in the organization were also reorganized.

9.      In 2018 Timothy Harden (hereinafter "Harden") was hired and Newman became his direct supervisor during the course of his employment.

10.     In or around July 2020, Newman took disciplinary action against Harden due to performance issues.

11.     In or around August 2020, an HR consultant was contracted to assist with executing reorganization plans for departments whose reorganizations had not been executed prior to this date.

12. In September 2020, the reorganization plan for finance department, which was supervised by Newman, was approved for elimination and all the existing positions in the department were eliminated.

13. On or about October 9, 2020, the Human Resources department was charged with communicating the reorganization plan. The reorganization plan included options for existing employees whose positions were affected by the eliminations.

14. Shortly after this communication about the reorganization by Human Resources on October 9, 2020, Harden submitted a complaint with the Defendant alleging he had been sexually harassed by Newman which was the reason why his position was eliminated.

15. On or about October 13, 2020, Newman was informed that an investigation into an allegation was being conducted.

16. On or about November 24,2020, Newman was interviewed and informed that the alleged complaint was against her and that there was no written documentation from Harden.

17. Shortly after, Newman received an email stating there was indeed a written complaint, and a second interview was conducted.

18. On or about March 12, 2021, Newman received a litigation hold email stating that Harden had filed an EEOC Charge of Discrimination against the Defendant.

19. Newman continued to work with exemplary performance.

20. Defendant found no basis for Harden's claims of sexual harassment against Newman, yet Newman received a letter on June 4, 2021, placing her on administrative leave pending an investigation.

21. Thereafter, Defendant terminated Newman on July 9, 2021, allegedly for dishonesty and violations of the Defendants non-fraternization policy after she declined to sign a separation

3

agreement. These allegations are not true as Newman was not dishonest and did not violate the non-fraternization policy. Newman was not made aware of a non-fraternization policy during orientation by the Human Resources department. The allegations are pretext for Defendant's true and unlawful termination motive.

22. White male employees who have had sexual harassment claims made against them were not placed on administrative leave or terminated. In fact, there was no disciplinary action taken against them at all.

23. On or about November 19, 2021, Newman filed a charge of discrimination due to her national origin (Ghanaian), race (black), and sex (female) against Durham with the United States Equal Employment Opportunity Commission ("EEOC"). (A copy of that charge, with personal information redacted, is attached hereto as Exhibit A.)

24. Newman was issued a Notice of Right to Sue from the EEOC, dated December 26, 2021. (A redacted copy of the Notice is attached hereto as Exhibit B).

25. This action is filed within ninety (90) days of the date of the Notice of Right to Sue from the EEOC.

## FIRST CLAIM FOR RELIEF
**(Title VII National Origin Discrimination, 42 U.S.C. § 2000e et. seq.)**

26. Plaintiff incorporates by reference the allegations of paragraph 1 through 25 of the Complaint.

27. Defendant's termination of Plaintiff was motivated by her national origin (Ghanaian).

28. Defendant's termination of Plaintiff due to her national origin violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 42 § 2000e et. seq. ("Title VII").

29. Defendant's termination of Plaintiff in violation of Title VII caused Plaintiff injuries including, but not limited to, losses in wages, salary and benefits and emotional distress.

4

30. Defendant's action in terminating Plaintiff was intentional, willful in reckless disregard to Plaintiff's rights.

31. Therefore, Plaintiff sues Defendant for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

## SECOND CLAIM FOR RELIEF
### (National Origin Discrimination – State Law Wrongful Discharge)

32. Plaintiff incorporates by reference the allegations of paragraph 1 through 25 of the Complaint.

33. Defendant's termination of Plaintiff was motivated by her national origin (Ghanaian).

34. Defendant's termination of Plaintiff due to her national origin violated the North Carolina Equal Employment Practices Act (NCEEPA).

35. The NCEEPA is a clear statement of North Carolina public policy.

36. Defendant's termination of Plaintiff in violation of North Carolina Public Policy caused Plaintiff injuries including, but not limited to, losses in wages, salary, benefits, and emotional distress.

37. Defendant's action in terminating Plaintiff was intentional, willful in reckless disregard to Plaintiff's rights.

38. Therefore, Plaintiff sues Defendant for wrongful discharge in violation of public policy.

## THIRD CLAIM FOR RELIEF
### (National Origin Discrimination under 42 U.S.C. § 1981)

39. Plaintiff incorporates by reference the allegations of paragraph 1 through 25 of the Complaint.

40. Defendant's termination of Plaintiff was motivated by her national origin (Ghanaian).

5

41. Defendant's termination of Plaintiff due to her national origin violated 42 U.S.C. 42 § 1981. 34. Defendant's termination of Plaintiff in violation of 42 U.S.C. 42 § 1981 caused Plaintiff injuries including, but not limited to, losses in wages, salary and benefits and emotional distress.

42. Defendant's action in terminating Plaintiff was intentional, willful in reckless disregard to Plaintiff's rights.

43. Therefore, Plaintiff sues Defendant for violation of 42 U.S.C. § 1981.

## FOURTH CLAIM FOR RELIEF
### (Title VII Sex Discrimination, 42 U.S.C. § 2000e et. seq)

44. Plaintiff incorporates by reference the allegations of paragraph 1 through 25 of the Complaint.

45. Defendant's termination of Plaintiff was motivated by her sex (female).

46. Defendant's termination of Plaintiff due to her national origin violated Title VII.

47. Defendant's termination of Plaintiff in violation of Title VII caused Plaintiff injuries including, but not limited to, losses in wages, salary and benefits and emotional distress.

48. Defendant's action in terminating Plaintiff was intentional, willful in reckless disregard to Plaintiff's rights.

49. Therefore, Plaintiff sues Defendant for violation of Title VII.

## FIFTH CLAIM FOR RELIEF
### (Sex Discrimination – State Law Wrongful Discharge)

50. Plaintiff incorporates by reference the allegations of paragraph 1 through 25 of the Complaint.

51. Defendant's termination of Plaintiff was motivated by her national origin (Ghanaian).

6

52. Defendant's termination of Plaintiff due to her national origin violated the North Carolina Equal Employment Practices Act (NCEEPA).

53. The NCEEPA is a clear statement of North Carolina public policy.

54. Defendant's termination of Plaintiff in violation of North Carolina Public Policy caused Plaintiff injuries including, but not limited to, losses in wages, salary, benefits, and emotional distress.

55. Defendant's action in terminating Plaintiff was intentional, willful in reckless disregard to Plaintiff's rights.

56. Therefore, Plaintiff sues Defendant for wrongful discharge in violation of public policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the unlawful actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendant for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

C. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs.

D. This matter be tried by a jury.

E. The judgment bear interest at the legal rate from the date of filing this action until paid.

F. Defendant be taxed with the costs of this action; and

G. The Court order such other and further relief as it may deem just and proper.

7

Respectfully submitted this the 25th day of March, 2022.

/s/KIRK J. ANGEL
Kirk J. Angel, NCSB#: 33559
Attorney for Plaintiff
THE ANGEL LAW FIRM, PLLC
PO Box 1296 (28026)
1036 Branchview Drive, Suite 102
Concord NC 28025
Telephone: 704.706.9292
Facsimile: 704.973.7859
E-mail: kirk@mailalf.com

8