IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BARBARA NEWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22-CV-242 |
| | ) |
| DURHAM HOUSING AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

In this employment discrimination case, the plaintiff Barbara Newman has failed to respond to written discovery and refused to appear for a deposition. She has offered no reason for these failures and has not responded to the defendant's motion to dismiss, despite notice of the motion and the potential consequences. The motion will be granted. The Court will withhold final judgment for 14 days.

I. Facts

Through counsel, Ms. Newman filed suit in March 2022. Doc. 1. The defendant, Durham Housing Authority (DHA), waived service, Doc. 4, and filed an answer. Doc. 7. The Court entered a discovery scheduling order in June 2022 requiring discovery to be completed by April 7, 2023. Text Order 06/21/2022, *adopting* Doc. 10 at ¶ 2. The case was set for trial during the October 2023 civil term. Doc. 12.

On July 7, 2022, counsel for DHA, Daniel Mullins, served requests for admission, interrogatories, and requests for document production on plaintiff through counsel. *See*

Doc. 16-1 at ¶ 6. Ms. Newman responded in August and supplemented her response in October. *Id.* at ¶¶ 7–8. On November 10, 2022, Mr. Mullins served Ms. Newman through counsel with a second set of requests for admissions and interrogatories, Doc. 16-2, and by email asked counsel for dates to depose Ms. Newman. Doc. 16-1 at ¶ 9; Doc. 16-3.

Having received no response, Mr. Mullins again emailed counsel for Ms. Newman on November 23, 2022, asking for deposition dates. Doc. 16-1 at ¶ 10; Doc. 16-4. A week later, counsel for Ms. Newman responded that he would be withdrawing from the case; he also said he had provided the second set of written discovery and request for deposition dates to Ms. Newman. Doc. 16-1 at ¶ 11; Docs. 16-5, 16-6.

Counsel for Ms. Newman moved to withdraw in early December 2022, citing conflicts with his client. Doc. 15. Ms. Newman received notice of the motion, Doc. 15 at 3, and did not object, and the motion was granted. Text Order 01/03/2023. The Clerk provided copies of various rules to Ms. Newman, including Federal Rule of Civil Procedure 37. *See id.*; Court Only Entry 01/03/2023 (notice that the Clerk mailed these rules to Ms. Newman).

On January 6, 2023, Mr. Mullins mailed a letter to Ms. Newman via certified mail and U.S. mail. Doc. 16-1 at ¶ 14; Doc. 16-7. In this letter, he reminded Ms. Newman of her outstanding discovery responses, told her that he had scheduled her deposition for January 31, 2023, offered to reschedule if she was unavailable, and included the Notice of Deposition. Doc. 16-1 at ¶¶ 14–15; Docs. 16-7, 16-8. He scheduled the deposition at a law office in Durham, Doc. 16-7 at 1, the city where Ms. Newman lived. Doc. 1 at ¶ 2;

2

Doc. 15 at ¶ 7. A few days later, Mr. Mullins sent the same letter and Notice of Deposition to Ms. Newman via email. Doc. 16-1 at ¶ 16; Doc. 16-9.

Ms. Newman did not respond to Mr. Mullins. Doc. 16-1 at ¶ 17. He sent follow-up emails to her on January 24 and the morning of January 31 reminding her of the date, time, and location of the deposition. *Id.*; Doc. 16-10; Doc. 16-11 at 1–2.

Mr. Mullins appeared for the deposition, as did the court reporter he had arranged. Doc. 16-1 at ¶¶ 18–19. Ms. Newman did not appear. *See id.* at ¶ 19. Mr. Mullins called Ms. Newman before adjourning the deposition, but she did not answer a telephone call and did not respond to the voice message he left. *Id.* at ¶ 19. The deposition was concluded without Ms. Newman appearing. *Id.*

Mr. Mullins again emailed Ms. Newman asking for deposition dates. *Id.* at ¶ 20; Doc. 16-11. Ms. Newman never responded to his email or to the January 31 phone call. Doc. 16-1 at ¶ 20. And she has not yet responded to the defendant's second set of discovery requests. *Id.* at ¶ 21.

On February 6, 2023, DHA filed a motion to dismiss or, in the alternative, for sanctions. Doc. 16. The Clerk mailed a letter to Ms. Newman advising her of the filing of the motion, of the time to respond, and that if she failed to respond the motion would likely be granted. Doc. 18; Court Only Entry 02/07/2023 (notice that the Clerk mailed the letter). That letter has not been returned by the postal service, indicating it was delivered. Ms. Newman has filed nothing in opposition to DHA's motion, and she has not otherwise taken any action tending to indicate she has an interest in pursuing her claims against DHA.

3

## II. Applicable Rules

If a litigant fails to attend her deposition or fails to respond to interrogatories, the court can impose sanctions, including dismissal under Rule 41. *See* Fed. R. Civ. P. 37(d)(1)(A)(i)–(ii), (d)(3) (failure to attend deposition); *see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (observing that Rule 37 "gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders"). In evaluating whether to dismiss under Rule 37, the Court considers "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary;" "(3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.

In exercising discretion under Rules 37 and 41, courts should remain mindful that "dismissal is not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). But at the same time, dismissal must be available "in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Davis v. Williams*, 588 F.2d 69, 71 (4th Cir. 1978) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

## III. Discussion

As an initial matter, Ms. Newman proceeds *pro se* and thus "is solely responsible for her actions in this case." *Rowley v. City of N. Myrtle Beach*, Nos. 6-CV-1873, 7-CV-1636, 2008 WL 4831422, at *4 (D.S.C. Oct. 31, 2008). Her failure to respond to

4

any of the multiple communications from defense counsel, to appear at the deposition, to respond to the second set of discovery, or to file anything in response to the motion to dismiss, taken together, show bad faith.

Ms. Newman's repeated failures to participate in discovery, as required by the Federal Rules, have prejudiced the defendant. *See Hanshaw v. Wells Fargo Bank, N.A.*, No. 11-CV-331, 2014 WL 4063828, at *4 (S.D.W. Va. Aug. 14, 2014). First, the defendant bore the expenses associated with a worthless deposition and with filing the pending motion. *See Parks v. Huff*, 955 F.2d 42, 1992 WL 21363, at *2 (4th Cir. 1992) (per curiam) (unpublished table decision) (expense and lost time constitute prejudice); *see also Ellis v. Wal-Mart Distrib.*, No. 10-CV-76, 2011 WL 3804233, at *2 (W.D.N.C. Aug. 2, 2011). Second, a plaintiff's deposition is usually and is here an essential part of a case; Ms. Newman has made serious claims of discrimination and seeks substantial damages, matters about which she will be an essential witness. "[A] defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process." *Ellis*, 2011 WL 3804233, at *2. Ms. Newman's failure to provide responses to the written discovery has compounded this prejudice. *See, e.g., Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989) (explaining that the plaintiff "suffered great prejudice as a result of the defendants' misconduct because [the plaintiff] could not prove its case . . . without the business and bank records withheld by" a defendant).

As the facts show, Ms. Newman has done nothing to move this case forward since her attorney withdrew and she has not cooperated in any way with the discovery process

5

required by the Scheduling Order. "[D]istrict courts have crowded dockets and 'appropriate sanctions must be available to prevent their work from being impeded by the type of conduct disclosed by this record.'" *Carter v. Univ. of W. Va. Sys., Bd. of Trs.*, 23 F.3d 400, 1994 WL 192031, at *3 (per curiam) (unpublished table decision) (cleaned up) (quoting *Davis v. Williams*, 588 F.2d 69, 71 (4th Cir. 1978)). Although "[p]ro se litigants are entitled to some deference from courts," "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). This conduct is also unfair to a defendant trying to develop the information it needs to evaluate a case, determine if a dispositive motion is appropriate, and prepare for trial. The Court and the public have an interest in the prompt resolution of cases and the efficient use of court time, and Ms. Newman's failures here have impeded those interests.

The Court has considered whether lesser sanctions are more appropriate. When the motion was filed, and after Ms. Newman received notice from the Court of the potential consequences of failing to respond, there were still a couple of months available to conclude discovery. Had Ms. Newman taken any steps at that point to make herself available for deposition or to explain her acts, perhaps dismissal would not be appropriate. But she did not.

Rule 37(d) explicitly authorizes dismissal for the misconduct and failures here, even without a previous warning that the dismissal could be with prejudice. *See Rangarajan v. John Hopkins Univ.*, 917 F.3d 218, 225–26 (4th Cir. 2019). Here, Ms. Newman had the benefit of such notice; the pending motion and supporting brief sought

6

that relief, Docs. 16–17; and the Clerk's letter explicitly warned her that failure to respond to the motion could result in a judgment in favor of the defendant. Doc. 18.

When a party fails to participate in discovery at all and takes no action after a warning her case might be dismissed, no sanction other than dismissal with prejudice is likely to be effective, and courts routinely dismiss with prejudice cases involving a non-participating plaintiff. *Flowers v. Wash. Metro. Area Transit Auth.*, No. 21-CV-461, 2022 WL 16746697, at *4 (D. Md. Nov. 7, 2022) (collecting cases from the District of Maryland). Courts do not have to wait until the abuse of the proceedings becomes extreme as in, for example, *Rangarajan v. Johns Hopkins University. See* 917 F.3d at 222–23.

Nonetheless, in its discretion and mindful of the strong policy favoring disposition of cases on the merits, the Court will withhold judgment for fourteen days in case Ms. Newman takes steps to make herself available for deposition at a time convenient to defense counsel, responds in full to the outstanding discovery, and files a motion asking that this Order be set aside supported by a brief and evidence of her compliance and cooperation. If she wants to pursue her claims, this gives her that opportunity; it also places the burden on her, where it should be, not on the defendant or the Court. If she does not take this or similar action, the Court need not waste its time or defense counsel's time with more proceedings, and judgment of dismissal will be entered.

It is **ORDERED** that the defendant's motion to dismiss, Doc. 16, is **GRANTED**. Judgment will be entered on March 27, 2023, in the absence of a motion, brief, and evidence filed by plaintiff Barbara Newman asking to set aside this Order which shows

7

she has made herself available for deposition at a time convenient to defense counsel, has fully responded to the outstanding written discovery, and is otherwise ready to prosecute her claims according to the schedule imposed by the Court.

This the 13th day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE